May 31, 1909.

————o————

No. 4707.

Court of Appeal, Parish of Orleans.

## CENTRAL GLASS COMPANY VS. MARTIN HEIDERICH.

1. Prima facie it shows either negligence or want of skill for a driver to run or back his vehicle upon the sidewalk or banquette reserved exclusively for the use of pedestrians. This presumption can be rebutted only by showing that the vehicle was forced into that position by causes beyond the driver's control.

2. In order to fix the blame in a civil matter it will not suffice merely to show that one of the parties had violated some ordinance or police regulation. The connection between the fault and the injury must be direct and natural.

3. A city ordinance prohibiting the use of the sidewalk as a repository for goods and merchandise is intended only for the protection and comfort of such as have a right to the free use of the sidewalk. It will not serve to shield a mere trespasser from the consequences of his own tort.

Appeal from the Civil District Court, Division "E."

Lazarus, Michel & Lazarus, for Plaintiff and Appellee.

J. J. Prowell, Woodville and Woodville, for Defendant and Appellant.

ST. PAUL, J. Defendant's driver, in attempting to turn his wagon, backed on to and over the sidewalk or banquette in front of plaintiff's store and into a box of glass, the property of plaintiff, which was thereby damaged to the extent of One Hundred Dollars.

The roadway or middle of the street is for the use of animals and vehicles, the sidewalk or banquette is reserved exclusively for pedestrians. The presumption therefore is that a driver who runs his vehicle upon the sidewalk is either negligent or lacking in skill. To overcome this presumption he must show affirmatively that his vehicle was forced into that position by some outside cause beyond his control. The evidence in this case shows nothing of the sort.

Employers are responsible for the damages due to the want of skill of their employees as well as for that caused by their negligence.

(C. C. 2316-2317.)

Nor is the defendant relieved of liability by the fact that the box of glass may have been on the sidewalk in contravention of a city ordinance.

In civil matters it will not suffice, in order to fix the blame merely to show that one of the parties had violated some city ordinance. The connection between the fault and the injury must be direct and natural. (Lopez vs. Sahuque,, La.)

In the case at bar the box of glass might have remained where it was indefinitely without being injured, had not defendant's wagon been driven upon the sidewalk where it had no right to be. Had the glass been left out in the roadway where the wagon had a right to be, the case would be different.

But an ordinance prohibiting the use of the sidewalk as a depository for goods and merchandise is intended only for the protection and comfort of those who have the free use of the sidewalk; it will not serve to shield a mere trespasser from the consequences of his own tort.

We are of opinion that the judgment of the District Court is correct and it is affirmed.

May 31, 1909.

Rehearing refused June 23, 1909.